UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
FELIX HUERTAS,

                        Petitioner,

         - against -

NORMAN BEZIO, Superintendent, Great
Meadows Correctional Facility,

                        Respondent.
----------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

11 Civ. 0607 (BMC)

**COGAN,** District Judge.

Petitioner *pro se* seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for robbery in the first degree and unauthorized use of a motor vehicle in the first degree. The facts are straightforward: petitioner carjacked a livery cab at knifepoint, stealing $200 and jewelry from the driver by placing a knife at this throat and then forcing him out of the car. Petitioner was arrested one week later while driving the car when police spotted it. He confessed after receiving his Miranda warnings. The victim identified him at trial. Upon his conviction, he was sentenced as a persistent violent felony offender to twenty-three years to life for the robbery conviction and three and one-half to seven years for the unauthorized use of a motor vehicle conviction. His sentences are running concurrently.[1]

Additional facts will be set forth below in connection with the two points of error petitioner raises: (1) the verdict was against the weight of the evidence, or alternatively, there

---

[1] The case was actually a lot more difficult to try than this brief summary suggests, not because of the proof, but because of petitioner's efforts to manipulate the trial process. He has made a career in crime, and because of his experience with the criminal justice system, he repeatedly acted to stymie or delay the trial process. He refused to appear in court and had to be mentally evaluated more than once before mental health professionals concluded that he was malingering and feigning mental disability to avoid trial.



was insufficient evidence to convict him on the robbery charge; and (2) petitioner was prejudiced by the introduction of a part of his confession where he declined to write his statement because he "had done too much time already." The Appellate Division found these claims to be procedurally barred. People v. Huertas, 65 A.D.3d 594, 883 N.Y.S.2d 716 (2d Dep't), leave to app. den., 3 N.Y.3d 836, 890 N.Y.S.2d 452 (2009). The procedural bar precludes federal habeas review and therefore the petition is denied.

I. **Weight/Sufficiency of the Evidence**

The petition argues only that the verdict was against the weight of the evidence. This claim is not cognizable on federal habeas corpus review. See Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir.1996) (challenges to the weight of the evidence, unlike challenges to the sufficiency of the evidence, are not cognizable on federal habeas review); see also McKinnon v. Superintendent, Great Meadow Corr. Facility, No. 08-2828-PR, 2011 U.S. App. LEXIS 10487, at *14 (2d Cir. May 24, 2011) (summary order). However, in the Appellate Division, petitioner's appointed counsel also argued that there was insufficient evidence to sustain his conviction because the victim did not see the knife, and since a weapon is required for first degree robbery, the charge should have been reduced. (The victim testified that petitioner threatened to cut him, and pressed something against his neck or shoulder, and that he had an indentation in that spot after the incident.) Giving petitioner *pro se* the benefit of the doubt, I will assume that he wishes to maintain that point in this proceeding.

The Appellate Division held that petitioner's "challenge to the legal sufficiency of the evidence supporting his conviction for robbery in the first degree is unpreserved for appellate review, as his general motion to dismiss at the close of the People's case failed to specify any

grounds for dismissal." Huertas, 65 A.D.3d at 594, 883 N.Y.S.2d 716. I have reviewed the record and the Appellate Division was correct; no grounds were stated in support of the motion.

The Supreme Court has held that "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct. 1038 (1989) (citations omitted). It is well established under New York law that a general objection at the close of the prosecution's case, not stating specific grounds, will not preserve a claim that the evidence fails to prove a particular element of the crime. See N.Y. Crim. Proc. Law § 470.05(2); People v. Logan, 74 N.Y.2d 859, 860-61, 547 N.Y.S.2d 828 (1989); People v. Almanzar, 57 A.D.3d 686, 687-88, 870 N.Y.S.2d 59 (2d Dept. 2008); People v. Alexander, 12 A.D.3d 524, 783 N.Y.S.2d 867 (2d Dept. 2004). Petitioner has offered neither cause, nor prejudice, nor any indication of manifest injustice resulting from his conviction. His argument is therefore not subject to federal habeas corpus review.

## II. Evidentiary Error

The detective who obtained petitioner's confession wrote a police report setting forth the questions he had asked petitioner (after obtaining a waiver of Miranda rights), and petitioner's responses. The report was offered and received in evidence without objection. The following is an excerpt of the questions and answers contained in the report:

> Question: On the afternoon of April 10, 2004, where were you?
> Answer: I was in Brooklyn hanging out.
> Question: While in Brooklyn did you come to use a livery cab?
> Answer: Look man, I know what this is all about. I hailed a cab that day.

3

Question: Where were you heading?

Answer: Look, man, I'm homeless and I have no money, what do you think. I hailed him because I knew he would have some money. I took what I needed, then I saw the camera so I took the car because of the camera, I left him on the corner and drove off. I didn't hurt nobody. I stayed with the car and made some money with my boy. The next thing I know I am getting pulled over by cops.

Question: Would you like to write out statement?

Answer: No, man, I have done too much time already. I don't need to write anything out. In fact, I'm done. When are we leaving for this lineup?

After the report was received in evidence, the detective read it to the jury. No objection was made. After several more questions, at a sidebar requested by the prosecutor on a different topic, defense counsel for the first time moved for a mistrial on the ground that the statement, "No, man, I have done too much time already," indicated to the jury that defendant had a prior felony record and was therefore unfairly prejudicial. The trial court denied the mistrial motion, but also held that if the jury asked for a read-back of the confession, it would leave out that sentence to which defense counsel had belatedly objected, and if it asked for a copy of the report, it would redact that sentence. The jury did not request either.

In ruling on petitioner's post-conviction motion under N.Y. Crim. Proc. Law § 330.30(1), the trial court held that petitioner's "failure to raise an objection either before or immediately after the challenged testimony frustrated the purpose of the preservation rule, which is to give the trial court the opportunity to remedy the claimed error effectively," and that the claim was therefore not preserved. It noted that petitioner had the report well before trial, indeed, it had been the subject of pretrial hearings, yet not until well after the report and the testimony concerning it had come in did petitioner raise any objection. The Appellate Division agreed that the argument was "unpreserved for appellate review ... and, in any event, is without merit." Huertas, 65 A.D.3d at 594, 883 N.Y.S.2d 716. Because this procedural ruling specifically refers

to the single claim at issue here, it is deemed to constitute the invocation of a procedural bar. See Whitley v. Ercole, No. 10-3119-pr, 2011 U.S. App. LEXIS 11449, at *23-24 n.8 (2d Cir. June 7, 2011).

The procedural bar precludes review here just as it does with respect to petitioner's prior point. See Harris, 489 U.S. at 262, 109 S. Ct. 1038; see also N.Y. Crim. Proc. Law § 470.05(2); People v. Shakoor, 178 A.D.2d 150, 577 N.Y.S.2d 16 (1st Dept. 1991). Petitioner has not argued cause, prejudice or manifest injustice, and I can see none on this record. The claim is therefore denied.

## CONCLUSION

The petition is denied and the case is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962). The Clerk of the Court is directed to mail a copy of this Order to petitioner *pro se*.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
July 11, 2011